United States District Court
District of Massachusetts

```
_____
                              )
MARY KENNEY,                  )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    09-10393-NMG
JAMES B. PEAKE, SECRETARY,    )
DEPARTMENT OF VETERANS AFFAIRS,)
AND MARGARET HENDERSON        )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Mary Kenney brings an employment discrimination claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("the ADA"), against the United States Department of Veterans Affairs ("the VA") and a claim for intentional interference with contractual business relations against VA employee Margaret Henderson.

I. **Factual Background**

This case arises out of plaintiff's application for a Registered Nurse position with the VA on February 4, 2008. Plaintiff had worked for the VA as a Registered Nurse from 1973 through 1997. Between 1997 and 2008, Kenney did not work. She claims her unemployment was due to her severe anxiety and depression but defendants respond that it was actually due to the fact that, in 1996, Kenney was charged with leaving the scene of

a motor vehicle accident after causing serious bodily harm.  In 1997, she voluntarily resigned from the VA and, in 1998, she was convicted and sentenced to one year of incarceration.  Pursuant to her sentence, Kenney surrendered her nursing license in November, 2002 and signed a Post-Surrender Agreement with the Board of Registration in Nursing.

In December, 2007, Kenney's nursing license was reinstated with a one-year probationary period in which she was required to work at a facility where she would receive supervision.  Accordingly, Kenney applied for a Registered Nurse position at the VA.  On February 4, 2008, she was interviewed by VA employee Margaret Henderson who, coincidentally, had been Kenney's supervisor during her previous employment at the VA.  At the interview, Kenney voluntarily disclosed her severe anxiety and depression and the probationary status of her license.  On February 14, 2008, Kenney was informed that she would not be offered the Registered Nurse position.

Plaintiff claims that she was discriminated against on the basis of a disability and seeks an injunction, reinstatement, back pay, attorney's fees and costs.  Plaintiff filed her complaint in March, 2009 and a scheduling conference was held in November of that year.  In May, 2011, defendants filed a motion to dismiss or, in the alternative, for summary judgment which plaintiff opposed.

**II. Defendants' Motion**

Because plaintiff responds to defendants' motion as though it were a motion for summary judgment and because the discovery period set forth in the scheduling order has expired, the Court will treat the motion as one for summary judgment.

**A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts

showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

**B.   Discrimination Claim**

Defendants proffer numerous reasons why the Court should dismiss plaintiff's ADA claim. First, they accurately note that federal employees seeking to bring a claim for disability discrimination must do so pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("the Rehabilitation Act"), not the ADA. Enica v. Principi, 544 F.3d 328, 338 n. 11 (1st Cir. 2008).

Plaintiff's claim will not be dismissed on that ground, however, because the Federal Rules of Civil Procedure do not require that the complaint set forth precisely the correct legal theory of relief. See McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger, 280 F.3d 26, 30 (1st Cir. 2002); Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 62 (1st Cir. 1992) ("[a]lthough the liberal pleading policy embodied in Rule 8 does not require a party to specify its legal theory of recovery,

the pleadings must at least implicate the relevant legal issues."). It is sufficiently clear from plaintiff's complaint that she is alleging disability discrimination. The Court will, therefore, treat plaintiff's claims as arising under the Rehabilitation Act, especially given that the Equal Employment Opportunity Commission ("EEOC") treated plaintiff's claims as such.

Defendants next argue that Kenney's claims should be dismissed because Kenney failed to contact an Equal Opportunity Employment ("EEO") counselor within 45 days of the alleged employment discrimination and, thus, failed to exhaust her administrative remedies. See Meyer v. Runyon, 869 F. Supp. 70, 76 (D. Mass. 1994). She apparently did not make such contact until 95 days after she was notified that she had not been offered the Registered Nurse position. Missing the 45-day deadline, which is set forth in 29 C.F.R. § 1614.105(a), normally warrants dismissal of an employment discrimination claim. E.g., Burns v. Potter, 334 F. Supp. 2d 13, 18 (D. Mass. 2004). In this case, however, the EEO counselor waived the 45-day time limit, as evidenced by her letter to Kenney dated August 20, 2008. Thus, this argument does not prevail.

Nevertheless, the Court concludes that summary judgment in defendants' favor is warranted on this claim because, even viewing the record in the light most favorable to the plaintiff,

no reasonable jury could find in her favor. In order to establish a prima facie case of disability discrimination, Kenney must prove, by a preponderance of the evidence, that: 1) she was disabled within the meaning of the Rehabilitation Act, 2) she was able to perform the essential functions of her job, either with or without reasonable accommodation, and 3) defendants took an adverse employment action against her because of her disability. <u>Carmack</u> v. <u>Nat'l R.R. Passenger Corp.</u>, 486 F. Supp. 2d 58, 88 (D. Mass. 2007).

With respect to the first element, defendants reasonably contend that Kenney cannot prevail because the EEOC determined that Kenney was not disabled within the meaning of the Rehabilitation Act. The EEOC found that there was insufficient evidence to establish that Kenney's depression prevented her from performing her job and noted that her inability to work between 2002 and 2007 was due to her license suspension.

Plaintiff maintains that she can prove that she had a qualifying disability because there are sufficient facts to establish that her serious depression was an impairment that substantially limited one or more of her major life activities and she has a record of that impairment. <u>See</u> 42 U.S.C. § 12102(2); <u>Bailey</u> v. <u>Georgia-Pacific Corp.</u>, 306 F.3d 1162, 1166-67 (1st Cir. 2002). Kenney reports that she underwent psychotherapy at Massachusetts General Hospital in 2003 and obtained Social

Security disability benefits due to her anxiety.  Kenney does not, however, provide any documentation for those assertions.

With respect to the second element of a disability discrimination claim, plaintiff maintains that she can perform her job.  That contention is, however, significantly undermined by her claims that she was unable to work between 1997 and 2008 due to her depression.

Even assuming that plaintiff can satisfy the first two elements of her discrimination claim it is clear, nevertheless, that the third element cannot be met here.  Defendants explain that Kenney was not hired because 1) during the interview, she exhibited poor judgment and maintained her innocence with respect to her criminal conviction, 2) she had not worked in six years, 3) she had recently been incarcerated, 4) she had left the scene of an accident after causing serious bodily harm, 5) she was not familiar with the VA's new system for keeping track of medications and 6) she had little or no experience with acute mental patients.  Furthermore, the VA has a written policy prohibiting the hiring of anyone with a restricted license.  It is evident, therefore, that the VA had legitimate, non-discriminatory reasons for its actions and, as such, no reasonable jury could find that its decision not to hire Kenney was based upon her depression.

Plaintiff argues that defendants' reasons for not offering

her a position are pretextual because 1) the probationary status of her license was not an absolute bar to hiring her and 2) at different times, Ms. Henderson gave different reasons for her decision not to hire Kenney. Plaintiff cites an Office of Employment Discrimination Complaint Adjudication ruling which noted that

> an employer may not rely on its internal policies and regulations as a justification for failing to comply with the reasonable accommodation requirements of the Rehabilitation Act.

Vol. I, No. 1, <u>Off. of Employ. Discrimination Complaint Adjudication Dig.</u>, at 3 (Fall, 1998).

Plaintiff's arguments are unavailing because she has neither alleged nor set forth any evidence that defendants had a policy or practice of disfavoring members of Kenney's alleged class or that their decision was, in fact, based on her alleged disability. Defendants' stated reasons for not hiring Kenney are rationally related to the job performance requirements for a Registered Nurse which include, among others, a demonstration of superior judgment. <u>See</u> <u>McDonnell Douglas Corp.</u> v. <u>Green</u>, 411 U.S. 792, 805-806 (1973) (a showing that an employment practice is related to job performance undermines a claim that the practice is discriminatory). Moreover, the fact that Henderson gave several reasons for deciding not to hire Kenney does not demonstrate that those reasons were pretextual. The Court, therefore, concludes that summary judgment in defendants' favor

is appropriate on Kenney's discrimination claim.

**C.   Tort Claim**

Defendants also assert that Kenney's tort claim must be dismissed because 1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h), specifically bars claims for interference with contractual rights and 2) plaintiff has produced no evidence that she previously filed an FTCA administrative complaint with the appropriate federal agency prior to bringing this lawsuit, as required by the FTCA.  28 U.S.C. § 2675(a).

In response, plaintiff maintains that Henderson was acting outside the scope of her employment by acting with actual malice and, as such, the FTCA does not apply to her.  The Court is unpersuaded.  There is absolutely no indication in the record that Henderson was acting with actual malice or otherwise outside the scope of her employment.  Thus, even viewing the record in the light most favorable to the plaintiff, no reasonable jury could find in her favor on that point and plaintiff's tort claim will be dismissed as a matter of law for the reasons enunciated by defendants.

**ORDER**

In accordance with the foregoing, defendants' motion to dismiss or, in the alternative, for summary judgment (Docket No. 16) is **ALLOWED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated August 4, 2011